IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| MARIE-AZÉLINE GODET<br><br>Petitioner,<br><br>v.<br><br>CARLOS AMADEO-PUMAREJO<br><br>Respondent. | CIVIL NO.: 26-1619 |

**PETITION**

TO THE HONORABLE COURT:

COMES NOW the Petitioner, Marie-Azéline Godet, by and through her undersigned counsel, and respectfully states, alleges and prays:

**I. Nature of the Action, Jurisdiction, and Venue**

1.1. This is a civil action brought under the 25 October 1980 Hague Convention on the Civil Aspects of International Child Abduction (hereinafter "Hague Convention") to request and secure the safe return of the minor aged child, OAG, to the custody of her mother, who now lives in France.

1.2. This Honorable Court has subject matter jurisdiction based upon federal question pursuant to 28 USC §1131 inasmuch as this action arises under the laws of the United States, namely the Hague Convention on the Civil Aspects of International Child Abduction, an international treaty to which Spain, France, and the United States are signatories and which was implemented in the United States through the International Child Abduction Remedies Act, 42 USC §§ 11601, *et seq*.

1.3. Venue lies properly in this district insofar as it is in this judicial district wherein both the Respondent and the wrongfully abducted, minor-aged child reside at present.

## II. The Parties

2.1. Petitioner, Marie-Azéline Godet, is a citizen of France, wherein she currently resides. Petitioner is the mother of the wrongfully abducted child, OAG, so named to protect his privacy.

2.2. Respondent, Carlos Amadeo-Pumarejo. is a citizen and resident of the Commonwealth of Puerto Rico, who is the father of OAG, whom he wrongfully abducted from his habitual residence in Spain by withholding him within the Commonwealth of Puerto Rico without Petitioner's consent during a family vacation as more particularly explained herein below.

## III. The Facts

3.1. OAG was born on February 7, 2018, in Granada, Spain, where Petitioner and Respondent were living while Respondent pursued studies in cinematography. Thus, OAG is a little over 8½ years old as of the filing of this action.

3.2. Petitioner and Respondent subsequently married on October 24, 2018 in Gibraltar. They divorced on June 23, 2021 while residing in Puerto Rico.

3.3. OAG lived in Spain with both his parents until July 2, 2020, when he travelled with them to Puerto Rico under false pretenses since Respondent led Petitioner to believe that it would be a vacation trip of not more than a couple of months so that Petitioner and OAG could meet Petitioner's relatives and friends. While living in Spain,

Petitioner had expressed to Respondent her wish to eventually return to live in France so that OAG could discover his maternal roots.

3.4. Immediately prior to that trip to Puerto Rico, Spain was OAG's habitual residence, wherein Petitioner held and exercised custodial rights over him.

3.5. Much to Petitioner's surprise and chagrin, shortly after her arrival in Puerto Rico, Respondent made evident that he had changed his mind and decided to remain in Puerto Rico indefinitely and that he wanted to withhold OAG within Puerto Rico against Petitioner's wishes.

3.6. Accordingly, Petitioner was forced to live in Puerto Rico while enduring Respondent's physical and psychological abuse until she had no other alternative but to return alone to France on July 2, 2025 because her tourist visa had long expired, she was in desperate need of medical care that was not available to her in Puerto Rico, and Respondent refused to authorize OAG to travel to France.

3.7. OAG lived with Petitioner throughout Petitioner's over extended stay in Puerto Rico, always under Petitioner's direct custody, both during the time that she lived with Respondent and even after they divorced.

3.8. As part of the divorce proceedings that were held in Puerto Rico and thereafter, Respondent was allowed to have supervised and unsupervised visits with OAG, who, at all times lived with Petitioner.

3.9. Respondent's withholding of OAG in Puerto Rico, as previously described, was and is wrongful and in violation of the Hague Convention inasmuch as the custodial rights over OAG were being duly exercised by the Petitioner in Spain, who subsequently

relocated to France just as she had informed Respondent prior to what was supposed to be a temporary, family vacation trip to Puerto Rico.

3.10. Respondent's unilateral decision to keep OAG in Puerto Rico after Petitioner was forced to leave the Island on July 2, 2025 as a result of what had been an agreed vacation trip is the archetypal wrongful retention under the Hague Convention.

3.11. Petitioner fears for the well-being of OAG considering Respondent's history of violent behavior and domestic abuse.

3.12. Petitioner commenced the proceedings under the Hague Convention on March 10, 2026 with the submission of a Return Request Form with the French Central Authority seeking OAG's repatriation to France.

**IV. Relief**

WHEREFORE, Petitioner respectfully requests that the Court:

a) enter an interlocutory order precluding the Respondent from removing OAG from the Commonwealth of Puerto Rico during the pendency of this action, and

b) enter judgment ordering the return of OAG to Petitioner's custody in France, taxing Respondent with costs, and awarding any other relief that the Court may deem necessary and proper.

Respectfully submitted, in San Juan, Puerto Rico, on September 25, 2026.

*S/Guillermo Ramos Luiña*
GUILLERMO RAMOS LUIÑA
USDC-PR 204007
gramlui@yahoo.com

Despacho Jurídico Ramos Luiña, LLC
PO Box 22763, UPR Station
San Juan, PR 00931-2763
Tel. (787) 620-0527
Fax (787) 620-0039